IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(CHARLESTON DIVISION)

CAROL SMITH and
ALBERT SMITH, her husband
950 State Route 10 North
Branchland, WV 25506

    Plaintiffs,

v.

PFIZER, INC. a New York Corporation d/b/a
in the State of West Virginia,
235 East 42nd Street
New York, NY 10017-5755

    Defendant.

Civil Action No. _____
(Formerly In the Circuit Court
of Kanawha County, West Virginia,
Civil Action No.:07-C-832)

(Pending transfer to MDL-1699
*IN RE BEXTRA & CELEBREX
MARKETING, SALES PRACTICES
& PRODS. LIAB. LITIG.*)

## NOTICE OF REMOVAL

Comes now, Defendant, Pfizer Inc. (hereinafter "Pfizer"; improperly named in the Complaint as "Pfizer, Inc."), with reservation of all defenses, by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, and for its Notice of Removal of this action from state court states and alleges as follows:

### Background

1.

This action involves personal injury allegations regarding the prescription medication Bextra®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) (Breyer, J.) for such Bextra®-related actions. *See*

**Farrell, Farrell
& Farrell, PLLC
Huntington, WV**

*In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005). Pfizer intends to inform the JPML that this case is a potential tag-along action transferable to MDL-1699 pursuant to the Rules of Procedure of the JPML. *See* Rules of Procedure of the Judicial Panel on Multidistrict Litig., 199 F.R.D. 425 (J.P.M.L. 2001). This case is expected to transfer to the MDL Court in due course.

2.

Plaintiffs, Carol Smith and Albert Smith, filed a Summons and Complaint in the Circuit Court of Kanawha County, West Virginia, on April 27, 2007. The West Virginia Secretary of State issued a Legal Notice to Pfizer on May 1, 2007, and Pfizer was thereafter served with the Summons and Complaint. *See* Copy of West Virginia Secretary of State Service of Process website contents attached hereto as Exhibit A; Copies of Legal Notice, Summons and Complaint served upon Pfizer, attached hereto as Exhibit B.

3.

Title 28, Section 1446(b) of the United States Code provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b); *see Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time period under the removal statute begins to run from the date of formal service).

**Farrell, Farrell & Farrell, PLLC
Huntington, WV**

4.

This Notice of Removal has been filed within thirty (30) days from Plaintiffs' service of the Summons and Complaint on Pfizer. *See* 28 U.S.C. § 1446(b). Hence, this Notice of Removal is timely.

**Diversity Jurisdiction**

5.

This action is removable because this United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1441. This Court has original jurisdiction because there exists complete diversity of citizenship between the parties and the amount in controversy exceeds this Court's jurisdictional minimum. 28 U.S.C. § 1332(a).

6.

There is complete diversity of citizenship between Plaintiffs, each of whom is a citizen of West Virginia, and the sole Defendant (Pfizer), which is not a citizen of West Virginia.

7.

Pfizer is, and at the time the action was filed in state court was, a corporation organized under the laws of Delaware, with its principal place of business in New York. *See*, Securities and Exchange Commission Form 10-K for Pfizer, Inc. for fiscal year ended December 31, 2006 (at page 1), attached hereto and incorporated by reference as Exhibit C. Hence, Pfizer is a citizen of Delaware and New York for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

8.

Plaintiffs are citizens of West Virginia. The Complaint states that the Plaintiffs reside at 950 State Route 10, North Branchland, West Virginia 25506. *See*, Compl. (Ex. B). The same address is provided for plaintiffs on the Summons. *See*, Summons (Ex. B).

9.

Furthermore, plaintiffs filed this action in Kanawha County, and allege that Bextra® was prescribed for Carol Smith within West Virginia. *See*, Compl. (Ex. B) at ¶ I.

10.

Plaintiffs' Complaint does not include any allegation, explicit or implicit, that Plaintiffs are residents or citizens of a jurisdiction other than West Virginia. *See generally*, Compl.; s*ee also* 13B Wright, Miller & Copper, *Federal Practice and Procedure* § 3612 (2006) (although citizenship is based on domicile and not residence, absent evidence to the contrary, a natural person's current residence is presumed to be his or her domicile); *id.* (stating that for the purpose of determining citizenship, "[i]t is assumed . . . that a person's current residence is also his domicile"); *see also id.* §§ 3612, 3614 (absent evidence to the contrary, spouses are presumed to have the same domicile);[1] *see also Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1, 4, n.3 (D.D.C. 2004) (assuming Virginia resident was also domiciled in Virginia for the purposes of determining diversity because no argument to the contrary had been made).

11.

Plaintiffs do not allege that they are residents or citizens of Delaware or New York. *See* Compl.

---

[1] Moreover, given that Mr. Smith brings a loss of consortium claim, the general presumption that spouses share a domicile is strengthened because his claims could only have been brought if he lost the "society, companionship and services" of Mrs. Smith. *Poling v. Motorists Mut. Ins. Co.*, 450 S.E.2d 635, 638 (W. Va. 1994).

**Farrell, Farrell & Farrell, PLLC
Huntington, WV**

12.

Thus, Pfizer has established that Plaintiffs are citizens of West Virginia. Accordingly, there is complete diversity between the parties.

**Amount in Controversy**

13.

As reflected in Plaintiffs' Complaint, the amount in controversy in this case plainly exceeds $75,000, exclusive of interest and costs. Plaintiffs seek to recover unlimited compensatory damages with respect to injuries they allege were caused by Bextra. *See* Compl. ¶¶ II-III (Ex. B). Specifically, the Complaint asserts that Bextra caused "severe injuries and damages to [Mrs. Smith's] heart and surrounding vessels which are permanent." *Id.* ¶ II (Ex. B); *see id.* ¶ I (alleging Mrs. Smith sustained cardiomyopathy and ventricular dysfunction). Plaintiffs seek to recover numerous elements of damages, including: "substantial losses of income"; past, present and future expenses for treatment of Mrs. Smith's condition; past, present and future physical pain, suffering and mental anguish; diminished capacity for plaintiff to earn money; and diminished capacity for plaintiff's enjoyment of life. *Id.* Indeed, Mrs. Smith alleges that she "was required to expend large sums of money in and about the treatment of her condition." *Id.* ¶ II. Additionally, Mr. Smith seeks to recover for alleged losses including the "loss of consortium of and with his wife" and his obligation to pay "medical and other expenses in substantial amounts." *Id.* ¶ III.

14.

Given the "severe" injuries alleged and the "substantial" damages expressly claimed by Plaintiffs, it is readily apparent that the amount in controversy exceeds the jurisdictional minimum requirement. *See*, *e.g.*, *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 414

(S.D. W.Va. 2005) (Copenhaver, J.) and *Campbell v. Restaurants First/Neighborhood Restaurant, Inc.*, 303 F.Supp. 2d 797, 799 (S.D.W.Va. 2004) (Haden, J.). Because Plaintiffs seek to recover unlimited compensatory damages and special damages for alleged serious and permanent injuries and loss of consortium, the jurisdictional amount-in-controversy requirement is plainly satisfied. *See*, *e.g.*, *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995).

### Compliance with 28 U.S.C. §§ 1441 & 1446

15.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Pfizer in this action are attached as collective Exhibit B.

16.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs, contemporaneously, and a copy of this Notice of Removal is being filed with the clerk of the Circuit Court of Kanawha County, West Virginia. *See* Defendant's Proof of Notice, filed contemporaneously herewith.

17.

The United States District Court for the Southern District of West Virginia, Charleston Division, embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Southern District of West Virginia pursuant to 28 U.S.C. §§ 129(b) and 1441(a).

18.

Accordingly, the prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met, and removal of this action to this Court is appropriate.

**Farrell, Farrell & Farrell, PLLC**
**Huntington, WV**

## Reservation of Rights

19.

Pfizer reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Defendant Pfizer Inc., respectfully removes this action from the Circuit Court of Kanawha County to the United States District Court for the Southern District of West Virginia.

                              **PFIZER INC.,**
                              **By Counsel,**

s/ Neisha Ellis Brown
Michael J. Farrell (WVSB1168)
Tamela J. White (WVSB 6392)
Erik W. Legg (WVSB 7738)
Neisha Ellis Brown (WVSB 9289)
FARRELL, FARRELL & FARRELL, PLLC
P. O. Box 6457
Huntington, WV 25772-6457
Phone: 304-522-9100/Fax: 304-522-9162

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(CHARLESTON DIVISION)

CAROL SMITH and
ALBERT SMITH, her husband
950 State Route 10 North
Branchland, WV 25506

    Plaintiffs,

v.

PFIZER, INC. a New York Corporation d/b/a
in the State of West Virginia,
235 East 42nd Street
New York, NY 10017-5755

    Defendant.

Civil Action No. _____
(Formerly In the Circuit Court
of Kanawha County, West Virginia,
Civil Action No.:07-C-832)

(Pending transfer to MDL-1699
*IN RE BEXTRA & CELEBREX
MARKETING, SALES PRACTICES
& PRODS. LIAB. LITIG.*)

### CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the foregoing *Notice of Removal* has been served by U. S. Mail, postage prepaid, this 24th day of **May, 2007**, to the following:

    George A. Daugherty
    Daugherty Law Offices
    22 Reynolds Avenue
    Elkview, WV 25071
    *Counsel for Plaintiffs*

    /s/ Neisha Ellis Brown
    Michael J. Farrell (WVSB1168)
    Tamela J. White (WVSB 6392)
    Erik W. Legg (WVSB 7738)
    Neisha Ellis Brown (WVSB 9289)
    FARRELL, FARRELL & FARRELL, PLLC
    P. O. Box 6457
    Huntington, WV 25772-6457
    Phone: 304-522-9100  Fax: 304-522-9162

**Farrell, Farrell
& Farrell, PLLC
Huntington, WV**



# West Virginia Secretary of State's Office
## Status of Process Search

## Service of Process Details

Back to List

| | |
|---|---|
| **Civil Action:** | 07-C-832 |
| **Defendant:** | Pfizer Inc. |
| **Agent:** | Melvin Greene |
| **City/State/Zip:** | New York, NY 10017 |
| **Country:** | |
| **County:** | Kanawha |
| **Service Date:** | 5/1/2007 12:00:00 AM |
| **Date Signed:** | 5/7/2007 12:00:00 AM |
| **Who Signed:** | Robert Washington |
| **Response Code:** | A |
| **Response Details:** | |

Copyright ©2006 West Virginia Secretary of State - All Rights Reserved

http://www.wvsos.com/uccsop/index.aspx



EXHIBIT A

**OFFICE OF THE SECRETARY OF STATE**
STATE OF WEST VIRGINIA



**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

May 1, 2007

Pfizer Inc.
Melvin Greene
150 East 42nd, 38th Floor
New York, NY 10017

Civil Action: 07-C-832

**DAILY INTAKE**
MAY 0 9 2007
Pfizer Litigation Group

I am enclosing:

- ___ summons
- ___ notice
- ___ order
- ___ petition
- ___ motion
- ___ interrogatories
- ___ suggestions
- ___ subpoena duces tecum
- _1_ summons and complaint
- ___ summons returned from post office
- ___ summons and amended complaint
- ___ 3rd party summons and complaint

- ___ original
- ___ affidavit
- ___ answer
- ___ cross-claim
- ___ counterclaim
- ___ request
- ___ certified return receipt
- ___ request for production
- ___ request for admissions
- ___ no return from post office
- ___ notice of mechanic's lien
- ___ suggestee execution

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division



EXHIBIT B

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-832

CAROL SMITH and
ALBERT SMITH, her husband
950 State Route 10 North
Branchland, WV 25506                                    Plaintiff

v.                                                           ***SUMMONS***

PFIZER, INC. a New York Corporation d/b/a
in the State of West Virginia,
235 East 42nd Street
New York, NY 10017-5755                                 Defendant

*Notice of Process Address:*
*Melvin Greene*
*150 East 42nd Street, 38th Floor*
*New York, NY 10017*

DAILY INTAKE
MAY 0 2 2007
Pfizer Litigation Group

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 4/27/07

Cathy S. Watson /CB
Clerk of Court

M01  k  $28.00  05/01/2007  661668

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CAROL SMITH and
ALBERT SMITH, her husband
950 State Route 10 North
Branchland, WV 25506

      Plaintiffs,

vs.                                                                CIVIL ACTION NO: 07-C-832

PFIZER, INC. a New York Corporation d/b/a
in the State of West Virginia,
235 East 42nd Street
New York, NY 10017-5755

*Notice of Process Address:*
*Melvin Greene*
*150 East 42nd Street, 38th Floor*
*New York, NY 10017*

      Defendant.

## COMPLAINT

I

The Defendant is the manufacturer and distributor of a drug known and identified as Bextra, which drug was prescribed for the treatment of the Plaintiff Carol Smith on March 1, 2004, by Stanley S. Tao, M.D. 10 mg, 1 p o q day and which prescription was taken by her as prescribed, and, on a later date she was found to be suffering from a condition generally described as cardiomyopothy with left ventricular dysfunction initially involving a thrombus in her left ventricle which condition and its connection to the drug Bextra was not known to the Plaintiffs until late 2005, and, the Defendant was negligent in the manufacturing and selling to the public the Bextra taken by Mrs. Smith, they not having done adequate research to assure its safety, they not having warned the public and Mrs. Smith of the potential dangers of the drug, and they being guilty of violations of both express and implied warranties of fitness and all as a proximate result of all of the above the Plaintiff has suffered injuries and damages as set forth below.

II

All as a proximate result of the above set forth negligence, breaches of warranty, failure to warn, etc. as set forth above, the Plaintiff Carol Smith suffered severe injuries and damages to her heart and surrounding vessels which are permanent, sustained substantial losses of income and was required to expend large sums of money in and about the treatment of her condition which is continuing to this date and will continue permanently in the future, her physical injuries being permanent and lasting, has sustained and will continue to suffer both physical pain and suffering and mental anguish on a permanent basis, and has suffered a diminution in her capacity to earn money and to enjoy life, and has been otherwise injured and damaged.

III

All as a proximate result of the above set forth negligence, breaches, etc. as set forth above, the Plaintiff's husband, Albert has suffered loss of consortium of and with his wife and has become obligated for the payment of medical and other expenses in substantial amounts.

WHEREFORE, Plaintiffs demand judgment in an amount which under the law of West Virginia a jury might find will adequately compensate them for their losses, including costs and pre-judgment interest.

CAROL SMITH and
ALBERT SMITH, her husband

By Counsel

_____
George A. Daugherty, WV Bar No. 943
DAUGHERTY LAW OFFICES
22 Reynolds Avenue
Elkview, WV 25071
(304) 965-3554
(304) 965-0980 Fax

2

Thomson Research
http://research.thomsonib.com/gaportal/ga.asp (3 of 182)5/24/2007 10:23:58 AM

# FORM 10-K

(Mark One)

x  ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the fiscal year ended December 31, 2006

o  TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from _____ to _____

Commission file number 1-3619

PFIZER INC.
(Exact name of registrant as specified in its charter)

| Delaware | 13-5315170 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification Number) |

235 East 42nd Street
New York, New York                          10017-5755
(Address of principal executive offices)    (Zip Code)

(212) 573-2323
(Registrant's telephone number, including area code)

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Name of each exchange on which registered |
|---|---|
| Common Stock, $.05 par value | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act:
None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.

Yes x    No o

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Exchange Act.

Yes o    No x

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.

Yes x    No o

Indicate by check mark if disclosure of delinquent filers pursuant to Item



EXHIBIT C



CASE 07-C-832          KANAWHA

CAROL SMITH & ALBERT SMITH       vs. PFIZER, INC.,

| LINE | DATE | ACTION |
|------|------|--------|
| 1 | 04/27/07 | # ISSUED SUM & 2 CPYS; F FEE; RCPT 414180; $145.00; CASE INFO |
| 2 | | ## SHEET; COMPLAINT |
| 3 | 05/17/07 | ## LET FR SS DTD 5/11/07; SUM W/RET (5/1/07 SS) AS TO PFIZER |
| 4 | | # INC., W/RMR |