IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(CHARLESTON DIVISION)

**CAROL SMITH and**
**ALBERT SMITH, her husband**
950 State Route 10 North
Branchland, WV 25506

    Plaintiffs,

v.                                                                 Civil Action No. **2:07-00339**
                                                       Honorable Joseph R. Goodwin

**PFIZER, INC. a New York Corporation**
**d/b/a in the State of West Virginia,**
**235 East 42nd Street**
**New York, NY 10017-5755**

                                                       **(Pending transfer to MDL-1699**
    Defendant.                                         *IN RE BEXTRA & CELEBREX*
                                                       *MARKETING, SALES*
                                                       *PRACTICES & PRODS. LIAB.*
                                                       *LITIG.)*

**ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant Pfizer Inc., a Delaware Corporation with its principal place of business in New York and registered to do business in West Virginia (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc., a New York Corporation d/b/a in the State of West Virginia") ("Pfizer") and files this its Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

**I.**
**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff Carol Smith was prescribed or used Bextra®. Accordingly, this Answer can only be drafted generally.

Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff Carol Smith was prescribed and used Bextra®.

## II.
## ORIGINAL ANSWER

1. Defendant admits that, during certain periods of time, Pfizer co-promoted and marketed Bextra® in the United States, including West Virginia, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff Carol Smith used Bextra® and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that it provided FDA-approved prescribing information regarding Bextra®. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

2. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

3. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

4. Defendant denies the allegations in the unnumbered paragraph following the third paragraph of the Complaint.

**Farrell, Farrell & Farrell, PLLC
Huntington, WV**

## III.
## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

## IV.
## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3. At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4. At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5. Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendant.

### Sixth Defense

6. Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7. Plaintiffs' claims against Defendant are barred to the extent Plaintiffs were contributorily/comparatively negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8. The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendant. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9. The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendant affirmatively denies that it violated any duty owed to the Plaintiffs.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Farrell, Farrell & Farrell, PLLC**
**Huntington, WV**

### Fifteenth Defense

15. Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16. Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Seventeenth Defense

17. Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18. Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Ninetieth Defense

19. Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20. Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21. Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22. The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23. Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24. Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25. If West Virginia courts were to adopt Section 402A of the Restatement (Second) of Torts, Plaintiffs' claims would be barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.     If West Virginia courts were to adopt Section 402A of the Restatement (Second) of Torts, Plaintiffs' claims would be barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.     Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.     In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirtieth Defense

30.     Plaintiffs failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-first Defense

31.     Defendant has not been unjustly enriched.

**Thirty-second Defense**

32. To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

**Thirty-third Defense**

33. Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-fourth Defense**

34. The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Thirty-fifth Defense**

35. The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

**Thirty-sixth Defense**

36. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not

having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### Thirty-seventh Defense

37.  The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Thirty-eighth Defense

38.  Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Thirty-ninth Defense

39.  Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendant's conduct.

### Fortieth Defense

40.  The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### Forty-first Defense

41.  The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-second Defense

42.  The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the

applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-third Defense

43. The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-fourth Defense

44. The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Forty-fifth Defense

45. Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Forty-sixth Defense

46. Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Forty-seventh Defense

47. Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Forty-eighth Defense

48. The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Forty-ninth Defense

49. Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fiftieth Defense

50. To the extent the Complaint may seek injunctive or equitable relief, such relief is barred because there exists an adequate remedy at law.

### Fifty-first Defense

51. Defendant specifically pleads as to any breach of warranty claim all defenses under the Uniform Commercial Code, as enacted in the State of West Virginia, as existing and to the extent the same may arise in the future.

### Fifty-second Defense

52. Defendant asserts all defenses as set forth and as envisioned by the common law of West Virginia for product liability matters.

Farrell, Farrell & Farrell, PLLC
Huntington, WV

### Fifty-third Defense

53.     Defendant denies that Plaintiffs are entitled to recover on the basis of any strict liability theory.

### Fifty-fourth Defense

54.     Defendant reserves unto itself the right to have the fault of all persons and entities determined and allocated as required by law.

### Fifty-fifth Defense

55.     To the extent Defendant's liability, if any, is not the result of Defendant's own conduct, but instead, is derived solely by an obligation imposed by law, with respect to its association with another person or entity, Defendant is entitled to complete and total express and/or implied indemnity from such other person or entity, including third parties who are not yet parties to this action.

### Fifty-sixth Defense

56.     Plaintiffs' claim of injury and related claim for damages are speculative.

### Fifty-seventh Defense

57.     Plaintiffs received all or substantially all of the benefit from Bextra® that Plaintiffs hoped and intended Plaintiffs would receive, and to that extent, any damages and/or restitution that Plaintiffs may be entitled to recover from Defendant must be correspondingly reduced.

### Fifty-eighth Defense

58.     Plaintiffs have not been injured or damaged.  In the alternative, Plaintiffs have not been injured or damaged in the manner or to the extent Plaintiffs' claim.

**Farrell, Farrell & Farrell, PLLC Huntington, WV**

### Fifty-ninth Defense

59. Defendant is entitled to an offset, should any damages be awarded against it, in the amount of any damages or settlement payments recovered by Plaintiffs from other parties with respect to the same injury or injuries alleged in the Complaint.

### Sixtieth Defense

60. Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

### Sixty-first Defense

61. If Plaintiffs have received, or are now or subsequently become entitled to recover, any compensation or benefits from any source in connection with the harm alleged in the Complaint, the amount of damages, if any, which may be recoverable in this civil action, must be diminished by the amount of such recovery, compensation or benefits.

### Sixty-second Defense

62. There is no basis in fact or law by which Plaintiffs are entitled to recover attorney fees and costs (if any) from Defendant. To the extent such fees and costs may be deemed recoverable as to Defendant, Defendant asserts and preserve its right to contest the reasonableness of the same.

### Sixty-third Defense

63. Defendant asserts and preserve all defenses relating to Plaintiffs' claims (if any) to recover pre-judgment and/or post-judgment interest.

Farrell, Farrell & Farrell, PLLC
Huntington, WV

### Sixty-fourth Defense

64. To the extent supported by the facts and circumstances of the case, Defendant preserves all defenses pertaining to jurisdiction.

### Sixty-fifth Defense

65. To the extent supported by the facts and circumstances of the case, Defendant preserves all defenses pertaining to venue.

### Sixty-sixth Defense

66. Defendant asserts all defenses as envisioned in Rules 8 and 12 of the Federal Rules of Civil Procedure as the facts of this case may so develop.

### Sixty-seventh Defense

67. Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiffs' claims.

## V.
## JURY DEMAND

Defendant hereby demands a trial by jury.

## VI.
## PRAYER

WHEREFORE, Defendant Pfizer Inc. demands judgment dismissing the Complaint, demands that it be awarded costs, disbursements, and attorneys' fees, and requests that the Court grant such other, further and different relief as it may deem just and proper.

**PFIZER INC.,**
**By Counsel,**

/s/  Neisha Ellis Brown
Michael J. Farrell, Esq. (WVSB 1168)
Tamela J. White, Esq.  (WVSB 6392)
Erik W. Legg, Esq.  (WVSB 7738)
Neisha Ellis Brown, Esq. (WVSB 9289)
FARRELL, FARRELL & FARRELL, PLLC
P. O. Box 6457
Huntington, WV 25772-6457
Phone: 304-522-9100
Fax: 304-522-9162

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(CHARLESTON DIVISION)

**CAROL SMITH and**
**ALBERT SMITH, her husband**
**950 State Route 10 North**
**Branchland, WV 25506**

    **Plaintiffs,**

v.                                                                               Civil Action No. **2:07-00339**
                                                                             Honorable Joseph R. Goodwin

**PFIZER, INC. a New York Corporation**
**d/b/a in the State of West Virginia,**
**235 East 42nd Street**
**New York, NY 10017-5755**

                                                                             **(Pending transfer to MDL-1699**
    **Defendant.**                                                  *IN RE BEXTRA & CELEBREX*
                                                                             *MARKETING, SALES*
                                                                             *PRACTICES & PRODS. LIAB.*
                                                                             *LITIG.)*

## CERTIFICATE OF SERVICE

      I, the undersigned counsel for the Defendant, do hereby certify that I filed the foregoing *Answer to Plaintiffs' Complaint* with the Clerk of Courts using the CM/ECF system. The above-referenced document has been served by depositing a true copy of the same in the U. S. Mail, postage prepaid, this **29th** day of **May, 2007**, as follows:

                                       George A. Daugherty
                                       DAUGHERTY LAW OFFICES
                                       22 Reynolds Avenue
                                       Elkview, WV 25071
                                       *Counsel for Plaintiffs*

/s/   Neisha Ellis Brown
Michael J. Farrell, Esq. (WVSB 1168)
Tamela J. White, Esq. (WVSB 6392)
Erik W. Legg, Esq. (WVSB 7738)
Neisha Ellis Brown, Esq. (WVSB 9289)
FARRELL, FARRELL & FARRELL, PLLC
P. O. Box 6457
Huntington, WV 25772-6457
Phone: 304-522-9100
Fax: 304-522-9162